UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION
4:24-cv-21-GNS

| | |
|---|---|
| Tara Jankowicz | ) |
|     Plaintiff | ) |
| | ) |
| v. | ) |
| | ) |
| Webster County, Kentucky; | ) |
| Greg Sauls; David Wilson | ) |
|     Defendants | ) |

## COMPLAINT AND REQUEST FOR JURY TRIAL

The Plaintiff, Tara Jankowicz, for her Complaint against the Defendants, Webster County, Kentucky; Greg Sauls; and David Wilson; states as follows:

## INTRODUCTION

1. The Plaintiff brings this action due to sexual abuse she suffered while an inmate at the Webster County Detention Center in Dixon, Kentucky. Even though there was a history of sexual abuse of inmates at the Webster County Detention Center ("WCDC"), the administration of the WCDC failed to properly supervise their officers and to promulgate and/or enforce the procedures necessary to prevent further sexual abuse.

2. The Plaintiff brings claims pursuant to both Kentucky state law and federal law, including her constitutional rights.

## PARTIES

3. The Plaintiff, Tara Jankowicz, is a resident of the Commonwealth of Kentucky.

1

4. The Defendant, Webster County, Kentucky is a unit of local government organized pursuant to the laws of the Commonwealth of Kentucky. It is a "person" for purposes of 42 USC § 1983 and acted under color of state law for all purposes of this cause of action. This Defendant operates the WCDC.

5. The Defendant, Greg Sauls, is the Jailer of Webster County, Kentucky. Mr. Sauls has been the Jailer since July 2021. He is a "person" for purposes of 42 USC § 1983. He was acting under the color of state law at all times relevant to this cause of action. This claim is brought against him in both his individual and official capacities.

6. The Defendant, David Wilson, is a resident of the Commonwealth of Kentucky. He was employed as a deputy jailer at the WCDS. He is a "person" for purposes of 42 USC § 1983. He was acting under the color of state law at all times relevant to this cause of action. This claim is brought against him in both his individual and official capacities.

**VENUE AND JURISDICTION**

7. 28 U.S.C. § 1331 and 28 U.S.C. § 1343 grant this Court jurisdiction over the Plaintiff's claims brought pursuant to 42 USC § 1983 and the United States Constitution.

8. 28 U.S.C. § 1367 grants this Court jurisdiction over the Plaintiff's claims brought pursuant to laws of the Commonwealth of Kentucky.

9. This Court is the proper venue for this cause of action pursuant to 28 U.S.C. § 1391.

## FACTS COMMON TO ALL COUNTS

10. Ms. Jankowicz became an inmate at the WCDC in February 2022.

11. During the month of March 2022, Defendant Wilson requested that the Plaintiff accompany him into a room at the jail along with another inmate. He then engaged in sexual contact with the Plaintiff.

12. There is a history of sexual abuse of inmates at the WCDC by correctional officers.

13. The sexual abuse of inmates is a well-known danger within jails.

14. Defendants Greg Sauls and Webster County, Kentucky failed to properly supervise their officers to prevent sexual abuse. Defendant Wilson was able to sexually abuse the Plaintiff due to this failure to supervise.

15. Defendants Greg Sauls and Webster County, Kentucky failed to create and implement appropriate and effective policies to prevent the sexual abuse of inmates. Defendant Wilson was able to sexually abuse the Plaintiff due to this failure to create and implement effective policies.

16. The actions of the Defendants have caused the Plaintiff to endure humiliation, mental anguish, emotional distress, and physical pain.

## COUNT I- 42 U.S.C. § 1983 (all Defendants)

17. The allegations of Paragraphs 1 through 16 are incorporated herein by reference.

18. The Defendants, acting under the color of state law, deprived the Plaintiff of rights guaranteed to her by the Eighth and Fourteenth Amendments to the United States Constitution. These rights include: (1) the right to be free from

excessive force; (2) the right to due process; (3) the right to be free from cruel and excessive punishment; (4) the right to equal protection under the law; and (5) the right to be free from unwanted sexual advances and unwanted sexual contact.

19. The Plaintiff brings a claim against all Defendants pursuant to 42 U.S.C. § 1983 for these deprivations of her constitutional rights.

## COUNT II – ASSAULT AND BATTERY (Defendant Wilson)

20. The allegations of Paragraphs 1 through 19 are incorporated herein by reference.

21. Defendant Wilson committed acts of sexual assault against the Plaintiff by engaging in sexual contact with her while she was an inmate at the WCDC.

## COUNT III – NEGLIGENCE (All Defendants)

22. The allegations of Paragraphs 1 through 21 are incorporated herein by reference.

41. The Defendants had a duty of reasonable care to the Plaintiff.

42. The Defendants breached this duty, and these breaches caused harm to the Plaintiff.

## JURY DEMAND

The Plaintiff requests a trial by jury on all issues.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff, Tara Jankowicz, respectfully requests this Court enter judgment in her favor and against the Defendants as follows: (1) granting her all compensatory damages available under state and federal law; (2) granting her punitive damages; (3) granting her reasonable attorneys' fees and costs; (4) granting pre and post-judgment interest; and (5) granting all other relief just and proper in the premises.

                **GERLING LAW OFFICES. P.C.**

By:    /s/ James E. Stoltz
         James E. Stoltz
         Attorney at Law
         519 Main Street
         Evansville, IN 47708
         Tel: 812-423-5251
         Email: jim@gerlinglaw.com

         Counsel for the Plaintiff